UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY CUBIE,

        Petitioner,

        v.                                  Case No. 12-C-1099

UNITED STATES OF AMERICA,

        Respondent.

ORDER DISMISSING GROUNDS THREE THROUGH TEN OF § 2255 PETITION AND REQUIRING THE UNITED STATES TO RESPOND TO GROUNDS ONE AND TWO, DENYING CUBIE'S MOTION FOR LEAVE TO AMEND (DOC. 5), DENYING CUBIE'S MOTION FOR LEAVE TO AMEND § 2255 MOTION (DOC. 6), DENYING AS MOOT CUBIE'S MOTION FOR RULE 4(B) DETERMINATION (DOC. 7), DENYING CUBIE'S MOTION SEEKING LEAVE TO EXPAND THE RECORD (DOC. 8), DENYING CUBIE'S MOTION SEEKING AUTHORIZATION TO CONDUCT DISCOVERY (DOC. 9), DENYING CUBIE'S RENEWED MOTION FOR ORDER DISCLOSING GRAND JURY INFORMATION (DOC. 10), AND DENYING CUBIE'S MOTION FOR PERIODIC DOCKET SHEETS AT NO COST (DOC. 12)

        Mark Anthony Cubie's initial motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 stated ten grounds for relief. Three of those grounds – six, eight, and ten – were decided on direct appeal and are not subject to further review. The remaining grounds were stated in such conclusory fashion that it was difficult for the court to determine whether Cubie was asserting a colorable claim. Hence, the court ordered Cubie to file a memorandum or amended motion to assist the court in determining whether the government should file a response. Cubie filed a memorandum as requested followed by seven additional motions. For the reasons set forth below, the court will allow Cubie to proceed on his ineffective assistance claims and deny the remaining motions.

        In his memorandum, Cubie explains his grounds for relief as follows:

**Ground One**: Counsel failed to (1) hire a private investigator, (2) seek severance from the third indictment, (3) obtain the February 2, 2005,

dispatch records, (4) challenge the GPS legality and his car records (the warrant was authorized for a different car), (5) attend Cubie's presentence interview, (6) hire a telecommunications expert, (7) check with the service provider records to determine the date, time, and signature of the individual who faxed data pertaining to Cubie, and (8) explore how the agents followed Cubie for three and a half days when he was not in the car with the GPS attached.

**Ground Two**: Counsel failed to object to the December 20, 2006, Franks hearing. Counsel should have hired a forensics expert to conduct a critical fingerprint analysis of documents from the PENS 260-290 to check for authentication of all applications and extension dates, times, and signatures.

**Ground Three**: False statements were made to the grand jury, which require an evidentiary hearing.

**Ground Four**: Cubie's rights under Brady, Giglio and Jencks were violated. According to Cubie, this can only be evaluated in a hearing.

Cubie states that grounds five, seven, and nine were explained in the original filing and require an evidentiary hearing. Ground five asserts that the Title III warrant was unsigned. Ground seven alleges a due process violation when the third superceding indictment was returned for the "sole purpose" of pressuring Cubie to plead. Finally, in ground nine, Cubie attacks counsel's performance at the plea hearing citing various errors, missteps and failure to anticipate relevant conduct and leadership enhancements.

Aside from the grounds (six, eight, and ten) that were previously dismissed, the court will dismiss grounds three, four, five, seven, and nine. Ground three could have been raised on direct appeal. In his § 2255 motion, Cubie argues that police lied to get search warrants and that the grand jury was tainted by the *same* illegal information that was the subject of the suppression hearing. Significantly, counsel's efforts to suppress "any and all evidence seized" pursuant to the warrants was unsuccessful. Indeed, at one point in his recommendation, the magistrate judge stated as follows: "That the search warrant application demonstrates probable cause to believe that Mark Cubie was a drug dealer in

2004 and 2005 is beyond argument." (No. 05-CR-146, Doc. 209, p. 30.) The reviewing magistrate judge later found that the magistrate signing the warrant had a "substantial basis for concluding that, under the totality of the circumstances, probable cause existed to believe contraband or evidence of the crimes would be found in Mark Cubie's apartment." (*Id.* at 32.) Therefore, to the extent that Cubie is challenging the "same illegal information that was obtained by the police that was the subject of the suppression hearing," he cannot show actual prejudice from his failure to appeal this issue, or otherwise satisfy the two-prong *Strickland* test.

Ground four generally alleges *Brady, Giglio,* and *Jencks* violations, which Cubie believes requires an evidentiary hearing. Cubie explains that it "all deals with the point or origin, wire devices, recorded money, lack of pictures, audio and blue bag confusion, also a clear cut of lack of chain of custody." However, an answer to this charge will not be required because Cubie has failed to identify any material that the government did not provide to the defense particularly, here where the record in the underlying case acknowledged its disclosure obligations.

Next, grounds five and seven, which were similarly available to Cubie at the time of his appeal, lack merit. Ground five asserts that the Title III warrant was not signed and thereby invalid. Each of the three Title III applications was supported by an affidavit executed by Kenneth Smith, a detective for the Milwaukee Police Department assigned to the High Intensity Drug Trafficking Area Joint Drug Gang Task Force. Judge Randa reviewed each application and supporting affidavit then issued the authorizations. The Title III intercepts were challenged by Cubie and his co-defendants, and their arguments were rejected squarely by the magistrate judge and this court. Further, ground seven

3

charges that the government sought the third superseding indictment to make Cubie plead. Regardless, the grand jury returned the third superseding indictment on September 18, 2007, upon a finding of probable cause and Cubie's counsel filed a motion to dismiss it. The court rejected that defense motion and Cubie thereafter knowingly and voluntarily entered a guilty plea to counts one and five.

Finally, ground nine contends that Cubie was not properly advised about his plea or sentencing, and that counsel should have informed him of relevant conduct and leadership enhancements. However, the record in the underlying criminal case shows that the court explained to Cubie how it would determine whether he was knowingly and voluntarily entering a plea. Moreover, the court specifically found that Cubie was competent to offer the plea, that there was a factual basis for the plea, and that the plea was voluntarily entered. The court also found that Cubie had the assistance of counsel, understood his trial rights and the nature of the charges to which he was pleading, as well as the maximum possible penalty he was facing. Finally, Cubie reserved his right to contest at sentencing his role in the conspiracy and the amount of money he owed. (No. 05-CR-146, Doc. 475, p. 1.)

Notably, relevant conduct and the leadership enhancements were discussed in the plea agreement. First, Cubie and the government acknowledged and agreed that they discussed all of the applicable sentencing guideline provisions, and Cubie agreed that his attorney discussed with him the application sentencing guidelines provisions to his satisfaction. (No. 05-CR-146, Doc. 469, ¶¶ 14, 15.) Cubie further acknowledged that he had no right to be sentenced within a particular guideline range, and that the court could consider relevant conduct in calculating his sentencing range, "even if the relevant conduct

4

is not the subject of the offense to which the defendant is pleading guilty." (*Id*., at ¶¶ 16, 17.) Additionally, the plea agreement clearly contemplated an enhancement in light of paragraph 19 which states:

> The parties understand and acknowledge that the government will recommend to the sentencing court that pursuant to United States Sentencing Guidelines Manual § 3B1.1, a 4-level increase should be applied to the defendant's base offense level as the defendant was an organizer and leader of a criminal activity that involved five or more participants. The parties acknowledge and understand that the defendant will not join in this recommendation.

(*Id.*, at ¶ 19.) In the final paragraph of the plea agreement, Cubie acknowledged and agreed that he was pleading guilty freely and voluntarily because he was in fact guilty. As a result, these grounds for relief do not survive the Rule 4 analysis. On the other hand, Cubie may proceed on grounds one and two, which state colorable ineffective assistance of counsel claims.

Cubie's first motion to amend will be denied because he fails to identify any additional claims or arguments that he intends to make beyond a general request to clear up general deficiencies in his memorandum. He shall have an opportunity to clarify the bases for grounds one and two during the briefing process.

Cubie's second motion for leave to amend discusses his ineffective assistance of counsel claim, yet appears to add an argument that counsel should have challenged the "illegalization of the GPS" on Cubie's vehicle based on *United States v. Jones*, 132 S. Ct. 945 (2012). That claim would fail because, at all relevant times, there was no binding case law in this circuit recognizing that the attachment and use of the GPS constituted a search under the Fourth Amendment. In *United States v. Garcia*, 474 F.3d 994 (7th Cir. 2007), the court permitted the attachment and use of the GPS tracker on the vehicle, without

recourse to a warrant, on a showing of probable cause. Moreover, on January 14, 2015, the Seventh Circuit Court of Appeals held that officers acting prior to *Jones* reasonably relied on existing precedent to conclude that the installation of a GPS device in a public space and the location data it produces did not violate the Fourth Amendment. *United States v. Taylor*, 2015 WL 162655 (7th Cir. Jan. 14, 2015). Accordingly, Cubie will not be allowed to amend.

Cubie also filed motions to expand the record, conduct discovery, disclose grand jury information, and for periodic docket sheets. He would like the record to include lab reports used to determine the quantity of drugs attributed to him. Although Rule 7 of the Rules Governing Section 2255 Proceedings permits the court to expand the record, the court is not persuaded that such action is warranted at this stage. Also, Cubie's request for discovery appears to be little more than a fishing expedition for the purpose of demonstrating that the officers lied and that the evidence should have been suppressed. The court notes that defense counsel challenged the officer's credibility in motions and during an evidentiary hearing, specifically targeting the bases for the Title III applications and warrants. Although Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law," Cubie has failed to show good cause. As he has the opportunity to develop his arguments during the briefing process, the court may revisit its rulings.

Finally, the grand jury information requested by Cubie includes all recorded testimony, exhibits, and the identity of the foreperson on the ground that the record may

6

have been tainted, the evidence may have been presented inaccurately, and one or more of the indictments were unsigned. The third superseding indictment was signed on September 18, 2007, by the foreperson, whose name was redacted for purposes of the docket. The court is satisfied that the indictments were properly signed and that there is no irregularity with respect to the indictments. The remaining requests regarding a tainted record are purely speculative and do not support the release of grand jury information. Now, therefore,

IT IS ORDERED that grounds three, four, five, six, seven, eight, nine, and ten of Mark Anthony Cubie's motion to vacate, set, aside, or correct sentence are dismissed.

IT IS FURTHER ORDERED that on or before July 17, 2015, the government shall answer the ineffective assistance of counsel claims set forth in grounds one and two of Cubie's § 2255 motion, complying with Rule 5 of the Rules Governing § 2255 Proceedings.

IT IS FURTHER ORDERED that Cubie shall file a brief in response to the government's answer on or before August 21, 2015.

IT IS FURTHER ORDERED that Cubie shall submit all correspondence and legal material to:

>Honorable Charles N. Clevert, Jr.
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will delay processing of the filing.

Cubie is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, once the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Cubie should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents.

Cubie is advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, Cubie must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

IT IS FURTHER ORDERED that Cubie's motion for leave to amend or supplement his § 2255 motion is denied. (Doc. 5.)

IT IS FURTHER ORDERED that Cubie's motion for leave to amend his § 2255 motion is denied. (Doc. 6.)

IT IS FURTH ORDERED that Cubie's motion for a Rule 4(b) determination is denied as moot. (Doc. 7.)

IT IS FURTHER ORDERED that Cubie's motion seeking leave to expand the record is denied. (Doc. 8.)

IT IS FURTHER ORDERED that Cubie's motion seeking authorization to conduct discovery is denied. (Doc. 9.)

IT IS FURTHER ORDERED that Cubie's renewed motion for order disclosing grand jury information is denied. (Doc. 10.)

IT IS FURTHER ORDERED that Cubie's motion for periodic docket sheets is denied. (Doc. 12.)

Dated at Milwaukee, Wisconsin, this 19th day of May, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE